UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BRIAN FOSTER,

                Plaintiff,

         -against-

THE CITY OF NEW YORK, P.O. DEREK WILSON,
Shield No. 0735, Individually and in his Official Capacity,
P.O. DAVID GRIECO, Shield No. 18061, Individually
And in his Official Capacity and P.O.'s "JOHN DOE" #1-
5, Individually and in their Official Capacity the name
John Doe being fictitious, as the true names are presently
unknown),

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

        Plaintiff BRIAN FOSTER, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

        1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

        2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

        3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff BRIAN FOSTER is an African American male and has been at all relevant times a resident of Kings County in the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. Derek Wilson, P.O. David Grieco and P.O.s "JOHN DOE" #1-#5 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about September 24, 2010, at approximately 2:00 p.m., plaintiff BRIAN FOSTER was in driving from his job at 26 Federal Plaza to his next job at Columbia University in New York, New York.

14. At the aforesaid time and place, plaintiff received a phone call from defendant officers stating that they arrested his son and he must come to the 75th precinct in Brooklyn, New York.

15. When plaintiff arrived at the precinct he was immediately placed under arrest with his arms tightly behind his back.

16. Plaintiff was charged with Criminal Possession of a Weapon in the fourth (4th) degree.

17. At no time on September 24, 2010 did plaintiff BRIAN FOSTER possess a weapon.

18. At no time on September 24, 2010, did plaintiff BRIAN FOSTER act unlawfully in any way.

19. At no time on September 24, 2010, did defendants possess probable cause to arrest plaintiff.

20. At no time on September 24, 2010, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the District Attorney's Office.

22. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest, namely that firearms were recovered from the closet of defendants' bedroom at 405 Georgia Avenue, Apartment 4A, Brooklyn, New York and that plaintiff admitted to owning guns allegedly removed at that location.

23. At no time on September 24, 2010 did plaintiff reside at 405 Georgia Avenue, Apartment 4A, Brooklyn, New York where the alleged firearms were recovered.

24. At no time on September 24, 2010, did defendants possess information that would lead a reasonable officer to believe that plaintiff resided at 405 Georgia Avenue, Apartment 4A, Brooklyn, New York.

25. As a result of his unlawful arrest, plaintiff BRIAN FOSTER spent approximately two (2) days in police custody and approximately two (2) years making court appearances before all charges were dismissed on or about October 26, 2012.

26. As a result of his unlawful arrest, plaintiff BRIAN FOSTER lost his job with CP Brothers Inc., where he had been employed for ten (10) years.

27. As a result of the foregoing, plaintiff BRIAN FOSTER sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff BRIAN FOSTER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

39. Defendants did not make a complete and full statement of facts to the District Attorney. Specifically defendants falsely alleged that firearms were recovered from the closet of defendants' bedroom at 405 Georgia Avenue, Apartment 4A, Brooklyn, New York and plaintiff allegedly denied ownership of said firearm.

40. Defendants withheld exculpatory evidence from the District Attorney.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff BRIAN FOSTER.

42. Defendants lacked probable cause to initiate criminal proceedings against plaintiff BRIAN FOSTER.

43. Defendants acted with malice in initiating criminal proceedings against plaintiff BRIAN FOSTER.

44. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff BRIAN FOSTER.

45. Defendants lacked probable cause to continue criminal proceedings against plaintiff BRIAN FOSTER.

46. Defendants acted with malice in continuing criminal proceedings against plaintiff BRIAN FOSTER.

47. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff BRIAN FOSTER favor on or about October 26, 2012 when the charges against him were dismissed.

49. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" as if the same were more fully set forth at length herein.

51. Defendants created false evidence against plaintiff BRIAN FOSTER.

52. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office. Specifically defendants falsely alleged that firearms were recovered from the closet of defendants' bedroom at 405 Georgia Avenue, Apartment 4A, Brooklyn, New York and plaintiff denied ownership of said guns.

53. Defendants misled the prosecutors by creating false evidence against plaintiff BRIAN FOSTER and thereafter providing false testimony throughout the criminal proceedings.

54. In creating false evidence against plaintiff BRIAN FOSTER, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

55. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;
>
> ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

    iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

64. The acts complained of deprived plaintiff of his rights:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unlawful search;

  D. Not to have summary punishment imposed upon him; and

  E. To receive equal protection under the law.

65. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**PENDENT STATE CLAIMS ARISING UNDER THE JANUARY 23, 2012 INCIDENT**

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. On or about December 4, 2012 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

68. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

69. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing was held on February 1, 2013.

70. This action was commenced on August 1, 2013, within one (1) year and ninety (90) days after the cause of action herein accrued.

71. Plaintiff has complied with all conditions precedent to maintaining the instant action.

72. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### SEVENTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

10

75. Defendants did not make a complete and full statement of facts to the District Attorney. Namely defendants falsely alleged that firearms were recovered from the closet of defendants' bedroom at 405 Georgia Avenue, Apartment 4A, Brooklyn, New York.

76. Defendants withheld exculpatory evidence from the District Attorney.

77. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff BRIAN FOSTER.

78. Defendants lacked probable cause to initiate criminal proceedings against plaintiff BRIAN FOSTER.

79. Defendants acted with malice in initiating criminal proceedings against plaintiff BRIAN FOSTER.

80. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff BRIAN FOSTER.

81. Defendants lacked probable cause to continue criminal proceedings against plaintiff BRIAN FOSTER.

82. Defendants acted with malice in continuing criminal proceedings against plaintiff BRIAN FOSTER.

83. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

84. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff BRIAN FOSTER favor on or about October 26, 2012 when the charges against him were dismissed.

85. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### EIGHTH CLAIM FOR RELIEF FOR
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

88. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

89. Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

90. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

  i. an order awarding compensatory damages in an amount to be determined at trial;

  ii. an order awarding punitive damages in an amount to be determined at trial;

  iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       August 6, 2013

BY: _____
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

INDEX NO.                                                                                                   YEAR
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIAN FOSTER,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. DEREK WILSON,
Shield No. 0735, Individually and in his Official Capacity,
P.O. David Grieco, Shield No. 18061, Individually and in his
Official Capacityand P.O.'s "JOHN DOE" #1-5, Individually
and in their Official Capacity the name John Doe being fictitious,
as the true names are presently unknown),

Defendants.

## SUMMONS AND COMPLAINT

**COHEN & FITCH LLP**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for Defendants

Service of a copy of the within is hereby admitted.                    Dated

Attorney(s) for

PLEASE TAKE NOTICE

☐     **NOTICE OF ENTRY**

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20

☐     **NOTICE OF SETTLEMENT**

that an order                                              of which the within is a true copy
will be presented for settlement to the HON.              one of the judges of the
within named Court, at
on                    20              at

Dated,                                                                                Yours, etc.